IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 10-02721 (MCF)

**ILEANA LUGO MUNIZ**                           Chapter 13

Debtor(s)

## TRUSTEE'S POSITION AND REQUEST FOR ENTRY OF ORDER OF DISMISSAL

**TO THE HONORABLE COURT:**

Comes now, Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned counsel and very respectfully states and prays:

1. The present case was filed on **April 5, 2010.** The meeting of creditors was scheduled to May 10, 2010.

2. On April 6, 2010, debtor filed a document titled "Motion to Extend Time for Credit Counseling" (hereinafter, "Motion to Extend Time"), see docket no. 9. On April 16, 2010, this Court entered an order denying debtor's "Motion to extend time" and enter an order for debtor to show cause why the case should not be dismissed for failure to comply with 11 USC sec 109(h)(3), s docket no. 14.

3. On April 29, 2010, debtor filed the "Certificate of Credit Counseling", see docket no. 19. According to said document, debtor took and obtained the Certificate of Credit Counseling twenty-five **(25) days after the filing of the petition.** On that same date, debtor filed an "Answer to order to

show cause". Mainly, debtor alleges that she failed to take the credit counseling because "*she was receiving threat of foreclosure*" and "*suffered fits of panic*", docket no. 20.

4. The Trustee respectfully requests that the case be dismissed. Contrary to the law, Debtor obtained the mandatory Credit Counseling Certificate after the filing of the petition, thus, she was not able to make an inform decision concerning adequateness or not of filing a bankruptcy petition. Although a motion requesting a waiver was filed, said document fails to comply with the Bankruptcy Code.

5. Pursuant to 11 U.S.C. § 521(b), debtor is required to submit, at the time that the case is filed, a certificate from an approved budget and credit counseling agency stating the services rendered to the debtor.

6. Furthermore, Section 109(h)(1) provides that an individual may not be a debtor under Title 11 unless such individual has, during the 180-day period preceding the date of the filing of the petition, received from an approved nonprofit budget and credit counseling agency an individual or group briefing.

7. In turn, Section 109(h)(3)(A)(i), is that part of Section 109(h) that provides for a waiver to file the credit counseling certificate upon **a certification** (by the debtor) that describes "exigent circumstances" that are found satisfactory by the court.

We hereby cite the statute:

> "Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that-
>
> (i) Describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court."

8. Debtor's "Motion to Extend Time" does not satisfactorily comply with the requirements of section 109(h)(3)(A)(ii). The motion is not supported by a certification, declaration or other competent evidence establishing either exigent circumstances or that debtor sought, but was unable to obtain, credit counseling services from an approved nonprofit budget and credit counseling agency prior to the commencement of the case. **"An unsubstantiated request is not a certification"**, see In re Mingueta, 338 B.R. 833 (Cal. 2006)(Emphasis ours).

9. Debtor has failed to provide any evidence that sustains that she requested the credit counseling certification and the same was denied. Even more, and according to debtor's "Answer to

show cause", she requested and obtained two weeks after the filing of the case.

> It thus appears the certification must affirmatively state two things: first, that a request for counseling was made by debtors prior to filing; second, that the counseling could not be provided within five days of that request.
>
> The first is relatively easy to evaluate-either the debtor did, or did not, request credit counseling prior to filing bankruptcy An appropriate certification of the debtor will establish the fact that the request was made, of whom ( i.e., which agency), when, and how. The second "five day period" requirement also seems clear: were the debtors advised, in response to their request, that the credit counseling services could not be provided within five days of the request?

In re Rodríguez, 336 B.R. 462 (Idaho, 2005).

10. In light of the above stated, it is the Trustee's position that debtor is not entitled to the requested waiver. Foreclosure or garnishment proceedings are not found by the majority of the courts on this issue to be "exigent circumstances" under Section 109(h)(3)(A)((i); both are proceedings that require prior court's intervention and formal notification.

> "Exigent circumstances," of kind required to permit temporary waiver of requirement imposed by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) that debtors first undergo credit counseling to be eligible to file for bankruptcy relief, **must relate in some way to the urgency and need to file for bankruptcy before such counseling can be obtained, and must establish something sufficiently different from or more pressing than the motivations usually or typically facing prospective bankruptcy debtors** and thereby

> distinguish the debtors seeking such a waiver from other debtors who are expected to comply with credit counseling requirement.

In re Rodríguez, 336 B.R. 462 (Idaho, 2005)(Emphasis ours).

11. From the information provided, debtor is not disabled, does not suffer incapacity and is not active in military duty. Consequently, our position is that the debtor is not entitled to the waiver envisioned in §§109(h)(3)(A)(i) and 109(h)(4).

12. "**The appropriate remedy, upon finding that debtor had filed for Chapter 13 relief** without satisfying credit counseling requirement and **without establishing requisite grounds for temporary waiver** or exemption from credit counseling, was an **order dismissing** the case." (Emphasis ours). See In re Falcone, 370 B.R. 462 (Mass. 2007).

13. "But because those **requirements [section 109(h)] are mandatory, bankruptcy courts have no discretion but to dismiss the case** when the debtor fails to file a certification in compliance with its provisions". (Emphasis ours). In re Hedquist, 342 B.R. 295 (8th Cir. BAP, 2006).

14. In view of the above mentioned, the debtor is ineligible pursuant to 11 U.S.C. § 109(h) and the present case should be dismissed.

**WHEREFORE**, for the reasons stated above it is respectfully requested from the Court to enter an order dismissing the present case.

## NOTICE

YOU ARE HEREBY NOTIFIED THAT YOU HAVE FOURTEEN (14) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING. IF NO OPPOSITION IS FILED WITHIN THE PRESCRIBED PERIOD OF TIME, THE TRUSTEE'S MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INEREST OF JUSTICE REQUIRES OTHERWISE. IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System and will notify: rodolfohernandezesq@yahoo.com. I further certify that I have mailed this document by First Class Mail postage prepaid to the non CM/ECF participants included in the address list attached to the original and the Trustee's copy on file.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 11TH day of May, 2010.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/ROSAMAR GARCIA FONTAN**
ROSAMAR GARCIA FONTAN
Staff Attorney
USDC-PR # 221004
rgarcia@ch13sju.com

10-02721-MCF                           CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the foregoing document was mailed by first class mail or electronically sent to the parties listed below:

| | |
|---|---|
| BANCO BILBAO VIZCAYA<br>C/O FRANCISCO J PORTUONDO DIAZ<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | BANCO BILBAO VIZCAYA<br>C/O FRANCISCO J PORTUONDO DIAZ<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 |
| BANCO BILBAO VIZCAYA<br>C/O FRANCISCO J PORTUONDO DIAZ<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | BANCO SANTANDER DE PR<br>C/O SERGIO RAMIREZ DE ARELLANO<br>SUITE 1133 BANCO POPULAR CENTER<br>209 MUNOZ RIVERA AVE<br>SAN JUAN, PR 00918-1009 |
| FIRST BANK PUERTO RICO<br>PRESTAMOS DE AUTO<br>PO BOX 9146<br>SAN JUAN, PR 00908-0146 | INTERNAL REVENUE SERVICE<br>PO BOX 21125<br>PHILADELPHIA, PA 19114 |
| INTERNAL REVENUE SERVICE<br>PO BOX 21125<br>PHILADELPHIA, PA 19114 | INTERNAL REVENUE SERVICES<br>PO BOX 21126<br>PHILADELPHIA, PA 19114-0326 |
| RECOVERY MANAGEMENT SYSTEM CORP.<br>C/O RAMESH SINGH<br>25 S.E. 2ND AVENUE, SUITE 1120<br>MIAMI, FL 33131-1605 | RELIABLE<br>C/O HECTOR H COLON ATIENZA<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| TRIPLE S PROPIEDAD<br>PO BOX 9023862<br>SAN JUAN, PR 00902-3826 | |
| ILEANA LUGO MUNIZ<br>HC01 BOX 8713<br>PENUELAS, PR 00624 | |

DATED: May 11, 2010

S/Diana Arroyo
OFFICE OF THE CHAPTER 13 TRUSTEE

Page 1 of 1   - CASE   10-02721-MCF